# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**ORDER**

November 14, 2024

*By the Court:*

| Nos. 24-3060, 24-3061, 24-3062, & 24-3063 | CALEB BARNETT, et al.,<br>      Plaintiffs - Appellees<br><br>v.<br><br>KWAME RAOUL, et al.,<br>      Defendants - Appellants |
|---|---|
| **Originating Case Information:** ||
| District Court Nos: 3:23-cv-00209-SPM, 3:23-cv-00141-SPM, 3:23-cv-00192-SPM, & 3:23-cv-00215-SPM<br>Southern District of Illinois<br>District Judge Stephen P. McGlynn ||

The court, on its own motion, orders these appeals are **CONSOLIDATED** for purposes of briefing and disposition.

A preliminary review of the short records indicates that the judgments in these cases are deficient. A judgment must provide relief to which the prevailing party is entitled. *Hyland v. Liberty Mutual Fire Ins. Co.*, 885 F.3d 482, 483 (7th Cir. 2018). In particular, Rule 65(d) of the Federal Rules of Civil Procedure requires (among other things) that an order granting an injunction state its terms specifically and describe in reasonable detail the acts restrained or required. The injunction must be set forth in a document separate from the court's opinion. *MillerCoors LLC v. Anheuser-Busch Companies, LLC*, 940 F.3d 922 (7th Cir. 2019). The separate judgments entered in these cases fail to provide any relief and merely state that judgment is entered in favor of each of the plaintiffs against certain defendants. Accordingly,

**IT IS FURTHER ORDERED** that both appellants and appellees each shall file, on or before December 2, 2024, a brief memorandum stating why this appeal should not be remanded to the district court to enter a proper judgment. Briefing is **SUSPENDED** pending further court order.

form name: **c7_Order_BTC**   (form ID: **178**)